UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LYNX TECHNOLOGY PARTNERS, INC.,

                      Plaintiff,                  Case No.: 18-cv-3881
(ENV)

          -against-

PITTS MANAGEMENT ASSOCIATES, INC.,

                    Defendant.
------------------------------------------------------------------------X

## DEFENDANT'S RESPONSE TO PLAINTIFF'S RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant Pitts Management Associates, Inc. ("PMA") submits this response, pursuant to Local Rule 56.1 (b), to the Statement of Undisputed Material Facts of Plaintiff Lynx Technology Partners, Inc. ("Lynx"), in opposition to Lynx's motion for summary judgment.

1.      **Lynx's Statement**: As confirmed in its responses to Lynx's contention interrogatories, Pitts Management Associates, Inc. ("PMA") agrees that it received, did not pay, and did not object to or reject, the following invoices: 14-3903, 14-3904, 14-3905, 14-3906, 14-3907, 14-3908, 14-3909, 14-3910, 14-3996, 15-1263, 15-1265, 15-1267, 15-1268, 15-1269, 15-1270, 15-1271, 15-1272, 15-1274, 15-1275, 15-1276, 15-1277, 15-1278, 15-1279 and 15-1283. (Declaration of Michael P. Regan, Ex. 3, at pp. 5-7; Deposition of Kim Murray, at 141:4-144:16).

**PMA's Response**: Admitted. With respect to invoice 14-3906, PMA submits that the following additional material fact exists as to which there is a genuine issue to be tried: at deposition, Lynx testified that the amount owed with respect to invoice 14-3906 was $218, not the $1,491.71 now claimed by Lynx. *Compare* Deposition of Gina Mahin, Exh. 1 *with* Perminter Declaration, Exh. G. With respect to invoices 15-1263; 15-1265; 15-1268; 15-1269; 15-1270;

1

15-1271; 15-1272; 15-1274; 15-1275; and 15-1276, PMA contends that the following additional material fact exists as to which there is a genuine issue to be tried: Lynx did not itself pay the amounts stated in the invoice and, accordingly, is not entitled to "reimbursement" under the parties' agreement. *See* Perminter Declaration, ¶ 37, Exh. G; Attorney Affirmation in Opposition to Lynx's Motion for Summary Judgment, Exh. C.

2. **Lynx's Statement**: As to Invoices #14-2535, 14-2603, 14-2702, 14-2851 and 14-2861, PMA takes the position in its interrogatory responses that a "[c]redit generated by PMA overpayment under work order [#003] was applied to this invoice," thus excusing its payment obligations. (Declaration of Michael P. Regan, Ex. 3, at pp. 9-10)

**PMA's Response**: PMA admits that it does not owe Lynx any amount with respect to invoices 14-2535, 14-2603, 14-2702, 14-2851, or 14-2861, because those invoices were paid via credit, and that Lynx did not contemporaneously object to the application of that credit. *See* Affidavit of Robin Edgens in Support of Defendant's Motion for Partial Summary Judgment, ¶¶ 135-158; Attorney Affirmation in Opposition to Lynx's Motion for Summary Judgment, Exh. B.

3. **Lynx's Statement**: Work Order #4 required an initial payment to Lynx of $93,600. (Declaration of Aric Perminter, Ex. F)

**PMA's Response**: Admitted.

4. **Lynx's Statement**: PMA's payment of $93,600 to Lynx, on or about June 18, 2014, specifically indicates that it is for Work Order #4. (Regan Decl., Ex. 10)

**PMA's Response**: Admitted.

5.  **Lynx's Statement**: To date, PMA has only made two of three installment payments of $40,000 to Lynx, as required by Work Order #3. (Perminter Decl., ¶ 18)

**PMA's Response**: PMA denies that any installment payments are due to Lynx under Work Order LTP003. The parties modified Work Order LTP003, for the benefit of Lynx, to pay Lynx for consultant work on a periodic basis instead of requiring Lynx to wait for project completion for a lump sum payment. *See* Edgens Affid. in Supp. of Defendant's Motion for Partial Summary Judgment, ¶¶ 100-116. PMA paid the periodic invoices submitted by Lynx under Work Order LTP003. *See id.* There is no genuine factual dispute that PMA paid Lynx more the $120,000 in respect of Work Order LTP003. *See id.*.

6.  **Lynx's Statement**: The project under Work Order #3 was completed. (Perminter Decl., ¶ 18)

**PMA's Response**: Denied. The parties entered into Work Order LTP008 to continue services previously provided under Work Order LTP003 because what Lynx calls "[t]he project" was not, in any way, "complete" when the term of Work Order LTP003 concluded on December 2, 2014. *See* Attorney Affirmation in Opposition to Lynx's Motion for Summary Judgment, Exh. B; *see also* Edgens Affid. in Supp. of Defendant's Motion for Partial Summary Judgment, ¶¶ 135, 138.

7.  **Lynx's Statement**: Invoices 15-1338 and 15-1339 are not duplicative of other invoices and have not been paid. (Perminter Decl., ¶ 20)

**PMA's Response**: Denied. *See* Edgens Affid. in Supp. of PMA's Motion for Partial Summary Judgment, ¶¶ 83-99. Plaintiff itself concedes that invoice 15-1338 contains "overlap". Perminter Decl., ¶ 21.

8.  **Lynx's Statement**: Invoices 14-1052, 14-2435, 14-2439, 14-4154, 14-2112 and 14-3103 were transmitted by Lynx to PMA during the Project. (Perminter Decl., ¶¶ 23, 25, Ex. K)

**PMA's Response**: PMA denies that invoices 14-1052; 14-2435; 14-2439; or 14-4154 were transmitted to PMA before Lynx filed this action. *See* Edgens Affid. in Opp. to Lynx's Motion for Summary Judgment, ¶¶ 9-16; Edgens Affid. in Supp. of Defendant's Motion for Partial Summary Judgment, ¶ 79. PMA admits that it received invoices 14-2112, and 14-3103. *See* Edgens Affid. in Opp. to Lynx's Motion for Summary Judgment, ¶ 20; Edgens Affid. in Supp. of PMA's Motion for Partial Summary Judgment, ¶ 114.

9.  **Lynx's Statement**: Invoices 14-2112 and 14-3103 were never rejected by PMA. (Perminter Decl., ¶ 26)

**PMA's Response**: Admitted. PMA submits that the following additional material fact exists as to which there is a genuine issue to be tried: PMA has already paid both invoices. *See* Edgens Affidavit in Supp. of Defendant's Motion for Partial Summary Judgment, ¶ 114; Edgens Affidavit in Opposition to Plaintiff's Motion for Summary Judgment, ¶¶ 19, 23. Lynx concedes that it did not identify these invoices as unpaid in its interrogatory responses. *See* Perminter Decl., ¶ 25. Nor, at deposition, Lynx did not identify either invoice 14-2112 or 14-3013 as outstanding. *See* Attorney Affirmation in Opposition to Motion for Summary Judgment, Exh. C.

10. **Lynx's Statement**: Invoice 14-3289R is unpaid. (Perminter Decl., ¶ 29)

**PMA's Response**: Admitted. PMA submits that the following additional material facts exists as to which there is a genuine issue to be tried: (i) whether Lynx submitted the invoice in a timely manner and with the supporting documentation required by the parties' contract and

4

(ii) whether the invoice is a duplicate of invoice 14-2886, which PMA paid in full. *See* Edgens Affid. in Opp. to Plaintiffs' Motion for Summary Judgment, ¶¶ 25-30; Exhs. 5, 8; Edgens Affid. in Supp. of PMA's Motion for Partial Summary Judgment, ¶ 157; Exh. 63.

11.   **Lynx's Statement**: Supporting documentation was provided for Invoice 15-1282, consistent with all other requests for expense reimbursement. (Perminter Decl., ¶ 31)

**PMA's Response**: Denied. The parties' contract requires expense reimbursement invoices to have proper documentary support. PMA specifically requested supporting documentation from Lynx, and Lynx did not respond. *See* Edgens Affid. in Opp. to Plaintiff's Motion for Summary Judgment, ¶¶ 31-35; Exh. 10.

Dated: Albany, New York
July 16, 2020

                                                HINMAN STRAUB P.C.

                                                /s/ David B. Morgen
                                                David T. Luntz
                                                David B. Morgen
121 State Street
Albany, New York 12207
Tel: (518) 436-0751
dmorgen@hinmanstraub.com
*Attorneys for Defendant Pitts Management Associates, Inc.*

4838-5426-4002, v. 1

5